### REILLY v CORRIGAN

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13441. Decided April 23, 1934

W. M. Gelfand, Cleveland, and Payer, Corrigan & Cook, Cleveland, for plaintiff.

Ralph Stickle, Cleveland, and W. J. Corrigan, Cleveland, for defendant.

## OPINION

By LEVINE, J.

Upon the state of the evidence it is found that title to the various properties, both real and personal, which plaintiff claims to have entrusted to the defendant, his sister, stand in her name with the exception of the title to sixty-seven shares of stock of the A. T. & T.

In order to grant relief to plaintiff in accordance with the prayer of his petition, it becomes incumbent upon plaintiff to prove by clear and convincing evidence that these properties standing in the name of defendant, his sister, were held by her in trust for his benefit. Likewise, in order to grant the cross-petition of defendant as to the fifty-two shares of stock of the A. T. & T., title to which stand in the name of plaintiff, it would be incumbent upon her to prove by clear and convincing evidence that he held the same as trustee for her.

In our opinion neither party sustained the necessary burden of proof in order to accomplish the result which they are respectively seeking to accomplish. It follows, therefore, that the legal title, in our opinion, is determinative of the rights of the respective parties as to the respective properties involved in this case.

It is therefore adjudged and decreed that as to those properties, real and personal, which remain standing in the name of defendant, the plaintiff's prayer for a declaration of a resulting trust will be denied, and as to the sixty-seven shares of stock of the A. T. & T. title to which stand in the name of plaintiff, that the prayer of the defendant in her cross-petition for a declaration of a trust as to the fifty-two shares of stock, will be denied.

Decree accordingly.

LIEGHLEY, PJ, and McGILL, J, concur in judgment.